## A. M. DRUSIN *v.* HINDS BROS. & CO.

[54 South. 956.]

VENDOR AND VENDEE.  *Acceptance of goods.*

When goods are sent to a buyer in performance of the vendor's contract, the buyer is not precluded from objecting to them ˙by merely
receiving them, for receipt is one thing and acceptance is another.
But receipt will become acceptance, if the right of rejection is not
exercised within a reasonable time, or if any act be done by the
buyer which he would have no right to do unless he was the owner
of the goods.

APPEAL from the circuit court of Lee county.

HON. JOHN MITCHELL, Judge.

This was a suit brought by A. & M. Drusin of New
York City, New York, in the justice court of Lee county,
Mississippi, against ·Hinds Brothers & Company, of
Tupelo, Mississippi, on an account amounting to sixty-
three dollars for goods sold and delivered by appellant
to appellee. From a judgment in the justice court in
favor of the appellant, the appellee appealed to the cir-
cuit court and from a judgment in the circuit court in
favor of the appellee, appellant appeals to this court.

The facts are these: That sometime about the latter
part of April, 1907, appellee purchased from the appel-
lant through their traveling salesman, B. Frankfort, a
bill of cloaks which amounted to sixty-three dollars, to
be shipped to appellee on August 15, 1907, and that ap-
pellant made up and shipped to appellee the exact qual-
ity, quantity, size and style of goods as ordered by
appellee and corresponding  with the samples carried by
said traveling salesman and said goods were delivered
to appellee, Hinds Brothers & Company, on August 28,
1907, and that the goods remained in possession of ap-
pellee until the 1st· day of November of the same year,

before any complaint was made by appellee concerning the goods whatever.

*Boggan & Leake,* for appellant.

Our contention in this case is, that appellee retained these goods in their possession long enough to become an acceptance of the goods, for the proof showed that they were delivered to appellee on the 28th of August and remained in their possession and control until the first day of November of the same year, and according to the terms of the order as shown by exhibit "A" to Abraham Drusin's first deposition, these goods were to have been shipped on the 15th of August, 1907, and paid for in thirty days. There is nothing to contradict this statement except the testimony of E. C. Hinds, a member of the firm of appellee, who says that these goods were purchased for October delivery, then according to the statement of Mr. Hinds, appellee had control and possession of the goods for thirty days, this of itself certainly makes an unreasonable length of time for the inspection of the goods and determine whether or not they would accept them, and the court for this reason should have given the appellant a peremptory instruction that the goods had been accepted.

It will also be noticed from exhibit "B" to Abraham Drusin's deposition, that the following clause was in the invoice sent by appellant to appellee, viz.: "No claims for deficiencies or imperfections allowed unless made within five days of receipt of goods." Mr. Hinds admits, as shown in his testimony, that it would have taken only a few minutes to have opened up and inspected these goods; see Am. and Eng. Ency. of Law, vol. 24, pp. 1089, 1090 and 1091, paragraphs b and c; also, *Stillwell v. Biloxi Canning Co.,* 78 Miss. 779, and in the opinion of the court on page 786, Judge Terral says: "The intention of the appellee as manifested by its acts must override and control the expressions in its letters to

appellant on the same subject. Benj.; Sales, Am. Ed.,
by Bennett, sec. 703, says, ''When goods are ·sent to a
buyer in performance of the vendor's contract, the buyer
is not precluded from objecting to them by merely receiv-
ing them, for receipt is one thing and acceptance is an-
other. But receipt will become acceptance if the right
of rejection is not exercised within a reasonable time, or
if any act be done by the. buyer which he would have .no
right to do unless he were the owner of the goods.''

The appellee had the opportunity in this case of keep-
ing the goods in their store and offering them for sale
for over two months, then when the season was prac-
tically over for the sale of such goods they sought to
reject them.

The appellees were allowed to introduce evidence by
B. Frankfort, the traveling salesman of A. & M. Drusin,
to show that said traveling salesman told a member of
the firm of the appellee, that appellee could return the
goods, this conversation occurred in the spring of 1908,
after the goods had been returned in November, 1907.
It is shown by the deposition of Abraham Drusin that
B. Frankfort was only the traveling salesman of the ap-
pellant and was not their agent or adjuster and had no
authority to make any such statements; see Am. and Eng.
Ency. of Law, vol. 6, p. 224, 11 and 3, also, note 4.

The court should not have allowed evidence to be intro-
duced to show that on or about the 26th day of October,
1908, which was about a year after these goods were re-
turned and five or six months after suit was brought that
appellee through their attorneys located these goods and
offered them to appellant. It seems to us that the only
issue in this case was whether these goods were as repre-
sented and what amount of damage, if any, appellee, was
entitled to for their failure to be as represented. There
were no pleadings in the case to show that appellee
claimed any damage, hence the acceptance of the goods
was absolute and they were not entitled to any damage;
see Am. and Eng. of Law, vol. 24, page 1157, § 3.

*Clayton, Mitchell & Clayton,* for appellee.

This assignment of error is predicated upon the failure of the court below to give a peremptory instruction for the plaintiff, who is the appellee here. The question upon which the case hinged, was this: did the appellee retain the goods an unreasonable time before returning them, so as to be held to have accepted them?

This was peculiarly a question for the jury to determine, under the instructions of the court. We quote from the opinion of this court in the case of *Strauss* v. *Furniture Co.,* 76 Miss. 343

"All these issues of fact—whether the defendants had accepted or rejected the goods or had ratified the alleged sale of these goods by their subsequent dealing with them . . . were for the jury under proper directions as to the law." Page 352, last paragraph.

So in the case before the court, the question of acceptance and whether the retention was unreasonable, were questions for the jury.

The testimony of the conversation of E. C. Hinds with B. Frankfort was clearly admissible. Frankfort was no ordinary traveling salesman, but a merchandise broker as appears from the testimony of Mr. Hinds. In his testimony, Mr. Hinds uses the following language, to-wit:

"I don't think either one of you quite understand Mr. Frankfort's position in this matter. Carpele & Frankfort are resident buyers in New York of goods of that character and they travel out all over the country and sell goods for all these firms and they get a commission from these different firms for selling these goods and they are as much in their employ today as they ever were. He is not a salaried man at all.

"When he was here in the spring, is that when you had this conversation with him, and did he still at that time carry samples for Drusin? Yes, sir, had both of

his lines. (By the court): At the time he made this statement to you? Yes, sir.''

Frankfort was a merchandise broker, who had an interest in the matter, to-wit: his commission, and was there at that time trying to adjust the matter, having previously had a conversation with Drusin in reference thereto and as he was there at that time to adjust the matter, his declarations are binding upon the said Drusin and were properly admitted. Admissions and declarations made by either an agent or broker, in the course of the transaction of the principal's or client's business, are admissible. This is elementary law and it is useless to cite authorities.

The declaration of a broker as to when the goods were to be shipped, was held admissible in the case of *Eppens* v. *Littlejohn,* 52 L. R. A. (N. Y.) 811.

We submit that in the case at bar, the statements of the broker, Frankfort, were clearly within the scope of his authority and admissible. He was as much the agent or representative of Drusin as he had ever been; still carried his samples and had been discussing the matter with Drusin.

In closing we will say .that the testimony shows conclusively that these were not the goods represented and were practically unmerchantable and that immediately upon discovering this, the appellees returned same to appellants and even went so far as to pay storage charges thereon and that a verdict ought by all means to have been given for the defendant and that this is a just and righteous verdict.

McLAIN, C.

This was a suit instituted by A. & M. Drusin against Hinds Bros. & Co., in a justice of the peace court of Lee county, on open account for goods sold and delivered to them. Appellants obtained judgment in the justice court. Hinds Bros. & Co. appealed to the circuit court of Lee

county, where judgment was rendered in favor of appellees. Appellants appeal to this court.

After a most thorough investigation of this record, we are of the opinion that the trial judge should have given the peremptory instruction asked by appellants, A. & M. Drusin.     *Reversed and remanded.*

Per Curiam. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reversed and remanded.